VAN BENTHUYSEN *v.* CENTRAL N. E. & W. R. Co. *et al.*

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. RAILROAD BONDS AND MORTGAGES—FORECLOSURE.
   A holder of bonds of a railroad company may foreclose a mortgage of the railroad, given to a trustee to secure the bonds, upon the refusal of the trustee to foreclose after default.

2. SAME—TENDER OF INTEREST.
   In an action by a holder of bonds, suing on behalf of himself and others to foreclose a mortgage securing the bonds, for default in payment of interest thereon, a tender, unless of interest due on all the bonds, is insufficient to arrest the action.

3. SAME—APPOINTMENT OF RECEIVER.
   In an action to foreclose a railway mortgage, the fact that the company is properly managed is no reason why a receiver should not be appointed.

Appeal from special term, Dutchess county.

Action by Watson Van Benthuysen against the Central New England & Western Railroad Company, the Fidelity Insurance, Trust & Safe-Deposit Company of Pennsylvania, trustee, and another, to foreclose a mortgage by the defendant railroad company to the defendant trustee. Plaintiff appeals from an order denying a motion for the appointment of a temporary receiver. Reversed.

Plaintiff, a holder of bonds of the railroad company, requested the trustee to foreclose the mortgage securing the bonds, after default in payment of interest, which the latter refused; claiming that, under the mortgage, the request should be made by a majority of the bondholders. After commencement of the action, the defendant railroad company tendered plaintiff the amount of interest due on his bonds and costs. The answering affidavit of the railroad company upon the motion averred the proper management of the road.

Argued before BARNARD, P. J., and DYKMAN, J.

*Wingate & Cullen,* (*George W. Wingate,* of counsel,) for appellants. *Milton A. Fowler,* for respondent Central New England & W. R. Co. *Simpson, Thacher & Barnum,* (*Thomas Thacher,* of counsel,) for respondent Fidelity Ins., T. & S. D. Co.

BARNARD, P. J. The plaintiff had the right to bring the action in case of a refusal by the trustees. The tender was not sufficient to arrest the action, unless it was a tender of all the interest upon the bonds which had not agreed to postpone their claim to interest. Assuming a default, and the plaintiff's right to sue, it is not material whether the affairs of the defendant are properly managed. The bondholders are entitled to take possession by a receiver and manage the property. The present management has no right in such a case, even if honest and capable. The order refusing a receiver should be reversed, with costs and disbursements, and the receiver appointed.